**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| *In re:* | ) | Chapter 11 |
| | ) | Case No. 21-03981 |
| OER SERVICES LLC, | ) | Honorable Janet S. Baer |
| | ) | |
| Reorganized Debtor. | ) | Hearing Date:  December 22, 2021 |
| | ) | Hearing Time:  1:00 p.m. via Zoom |

**NOTICE OF MOTION AND REORGANIZED DEBTOR'S MOTION
FOR ENTRY OF A FINAL DECREE AND ORDER CLOSING
<u>CHAPTER 11 CASE AND FOR LIMITED NOTICE</u>**

   **PLEASE TAKE NOTICE** that the above-captioned Reorganized Debtor, OER Services LLC, hereby shall appear and be heard on **December 17, 2021 at 1:00 p.m.** or as soon thereafter as counsel may be heard, I shall appear before the **Honorable Janet S. Baer,** Bankruptcy Judge, or in her absence, before such other Judge who may be sitting in her place and stead and hearing bankruptcy motions, and shall then and there present the **REORGANIZED DEBTOR'S MOTION FOR ENTRY OF A FINAL DECREE AND ORDER CLOSING CHAPTER 11 CASE AND FOR LIMITED NOTICE**, a copy of which is attached and herewith served upon you, and at which time and place you may appear if you so desire.

   **PLEASE TAKE FURTHER NOTICE THAT** all court proceedings will be conducted remotely during the COVID-19 emergency. Parties may not appear in person at the courthouse in Chicago.

   To join the ZoomGov Meeting:
- Join by website: https://www.zoomgov.com/join
- Join by phone: (669) 254-5252 or (646) 828-7666
    - Meeting ID: 160 731 2971
    - Passcode:  587656

Date: December 17, 2021       OER Services LLC

                  By:  /s/   Steve Jakubowski
                    One of Its Attorneys

                  Steve Jakubowski (IL ARDC 6191960)
                  Robbins, Salomon & Patt, Ltd.
                  180 N. LaSalle, # 3300,
                  Chicago, IL  60601
                  Phone: (312) 456-0191
                  Email: sjakubowski@rsplaw.com

## **CERTIFICATE OF SERVICE**

     I, Steve Jakubowski, hereby certify that the **REORGANIZED DEBTOR'S MOTION FOR ENTRY OF A FINAL DECREE AND ORDER CLOSING CHAPTER 11 CASE; REQUEST FOR LIMITED NOTICE** was served via email on December 17, 2021 on the parties in interest listed below through the Court's CM/ECF noticing system:

Kim M. Casey on behalf of Creditor H&E Equipment Services, Inc. kcasey@hkrockford.com

Monette W Cope on behalf of Creditor Beacon Funding ecfnil@weltman.com

Cari A Kauffman on behalf of Creditor AMERICREDIT FINANCIAL SERVICES, INC. d/b/a GM Financial ckauffman@sormanfrankel.com, dfrankel@sormanfrankel.com

Patrick S Layng USTPRegion11.ES.ECF@usdoj.gov

Mark Melickian on behalf of Attorney Phillip D. Levey, Trustee for the bankruptcy estate of Ali & April Zaimi (21-05779) mmelickian@sfgh.com; joconnor@sfgh.com; mbrandess@sfgh.com; bkdocket@sfgh.com; bkdocket@sfgh.com

Norman B Newman on behalf of Attorney Phillip D. Levey, Trustee for the bankruptcy estate of Ali & April Zaimi (21-05779) nnewman@sfgh.com; nsulak@sfgh.com; bkdocket@sfgh.com

John M Owen on behalf of Creditor Chapman Spingola LLP jowen@chapmanspingola.com, wdickmann@chapmanspingola.com

Cecilio I Porras on behalf of Creditor U.S. Bank N.A. d/b/a U.S. Bank Equipment Finance cporras@askounisdarcy.com, hperez@askounisdarcy.com

Eric S Silvestri on behalf of Creditor CIBC Bank USA silvest@chapman.com

Charles S. Stahl, Jr. on behalf of Creditor Toyota Industries Commercial Finance, Inc. cstahl@smbtrials.com

Neema T Varghese nvarghese@nvconsultingservices.com

Charles R Woolley on behalf of Creditor U.S. Bank N.A. d/b/a U.S. Bank Equipment Finance rwoolley@askounisdarcy.com, zjohannsen@askounisdarcy.com

                                                                                               /s/   Steve Jakubowski

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| *In re:* | ) | Chapter 11 |
| | ) | Case No. 21-03981 |
| OER SERVICES LLC, | ) | Honorable Janet S. Baer |
| | ) | |
| Reorganized Debtor. | ) | Hearing Date:  December 22, 2021 |
| | ) | Hearing Time:  1:00 p.m. via Zoom |

**REORGANIZED DEBTOR'S MOTION FOR ENTRY OF A FINAL DECREE AND ORDER CLOSING CHAPTER 11 CASE; REQUEST FOR LIMITED NOTICE**

OER Services LLC ("OER"), the reorganized debtor herein ("Reorganized Debtor"), by and through its undersigned counsel, pursuant to Federal Bankruptcy Rule of Procedure 3022, Local Rule 3022-1, and 11 U.S.C. § 350, moves for entry of an order of final decree closing its Case and limiting notice, and in support thereof states as follows:[1]

## BACKGROUND

1. On September 2, 2021, the Court entered the Confirmation Order, the Plan went effective, and all payments currently required by the Plan to be paid to Holders of Allowed Administrative, Secured, and Priority Claims have been made.

2. In the Status Report filed with the Court on November 9, 2021 [Dkt. No. 149], the Reorganized Debtor advised that the following areas remain unresolved: reconciling of Unsecured Claims for purposes of allowance and distribution; analysis of potential preferences; and a pursuit of a possible Bankruptcy Code section 525(a) discrimination claim.

3. Since the filing of that report, OER has reconciled all Unsecured Proofs of Claim and reached written agreement with all claimants whose Proofs of Claim did not match OER's

---

[1] Capitalized terms used herein and not otherwise defined shall have the meanings set forth in the confirmed Plan [Dkt. No. 92].

Document      Page 4 of 6

records. All Secured Claims were reconciled and Allowed pursuant to the confirmed Plan.

4. OER has reviewed potential preference claims and has determined that the potential defendants would have ordinary course and new value claims that would significantly limit—if not extinguish—potential recoveries, and so the potential cost of asserting preference claims are not justified.

5. As regards the potential Bankruptcy Code section 525(a) claim for denial of a "Certificate of Competency" by the Small Business Administration, OER's formal protest to the General Accounting Office was denied on December 7, 2021. OER has determined not to pursue this a Section 525(a) claim at this time.

## BASIS FOR REQUESTED RELIEF

6. Section 350(a) of the Bankruptcy Code states "[a]fter an estate is fully administered . . . , the court shall close the case." 11 U.S.C. § 350(a). Rule 3022 of the Federal Rules of Bankruptcy Procedure states, "[a]fter an estate is fully administered in a Chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022.

7. A Chapter 11 estate is "full administered" pursuant to Rule 3022 at the point of "substantial consummation" as defined by Section 1101(2) of the Bankruptcy Code. Section 1101(2) defines "substantial consummation" as (1) the transfer of all or substantially all of the property proposed by the plan to be transferred; (2) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of the property dealt with by the plan; and (3) commencement of distribution under the plan. 11 U.S.C. § 1101(2).

8. It is not necessary to have completed a final distribution under a plan of reorganization for a bankruptcy court to close a chapter 11 case. *See* Fed. R. Bankr. P. 3022,

2

Advisory Committee Note (1991) ("[e]ntry of a final decree closing a chapter 11 case should not be delayed solely because the payments required by the plan have not been completed"); *Schwartz v. Aquatic Dev. Group, Inc. (In re Aquatic Dev. Group., Inc.*), 352 F.3d 671, 678 (2d Cir. 2003) (case can be closed despite further required distributions under the plan); *JMP-Newcor International*, 225 B.R. 462, 465 (Bankr. N.D. Ill. 1998).

9.      OER's chapter 11 estate has been fully administered and substantially consummated within the meaning of Bankruptcy Rule 3022 and Section 1101(2). All payments currently required by the Plan to Holders of Allowed Administrative, Secured, and Priority Claims have been made. All Disputed Claims of Unsecured Creditors have been reconciled by written agreement or acknowledgement between the applicable Creditor and the Reorganized Debtor. Finally, the Reorganized Debtor has determined not to pursue any Avoidance Actions or other Causes of Action in this Court by way of adversary proceeding. As such, the Court's role in administering this case is complete, and entry of a final decree closing this Case is appropriate.

## REQUEST FOR LIMITED NOTICE

10.     As set forth in the certificate of service attached to this Application, notice has been given via CM/ECF to: (a) the Office of the United States Trustee; (b) the Subchapter V Trustee; (c) CIBC; (d) the Zaimi Trustee; and (e) all parties requesting notice pursuant to Bankruptcy Rule 2002 or through the Court's CM/ECF system. Local Bankruptcy Rule 3022-1 requires that notice of a motion for final decree be served on all Creditors. In light of the nature of the relief requested and the Reorganized Debtor's compliance with all Plan terms, the Reorganized Debtor submits that no other or further notice is necessary.

WHEREFORE, the Reorganized Debtor respectfully requests that the Court (a) enter an order of final decree closing this Case, (b) authorize limited notice as provided herein, and (c) grant such other and further relief as the Court deems just and equitable.

Dated: December 17, 2021

Respectfully submitted,

**OER SERVICES LLC,**
Reorganized Debtor

By: /s/ Steve Jakubowski
    One of Its Attorneys

Steve Jakubowski (IL ARDC 6191960)
Robbins, Salomon & Patt, Ltd.
180 N. LaSalle St., Ste. 3300
Chicago, IL  60601
Phone: (312) 456-0191
sjakubowski@rsplaw.com

Counsel to the Reorganized Debtor

4